UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO 4:18-CV-00185-HBB

JAMES EUGENE WALKER                                                                    PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of James Eugene Walker ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 14) and Defendant (DN 15) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered April

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

15, 2019, the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On December 3, 2015, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 15, 156-59). Plaintiff alleged that he became disabled on August 23, 2013 because of right knee pain, back pain, high cholesterol, irritable bowel syndrome, and acid reflux (Tr. 15, 178). Administrative Law Judge Maribeth McMahon ("ALJ") conducted a video hearing from Paducah Kentucky (Tr. 15, 27-29). Plaintiff and his counsel, Steven Wilson, participated from Owensboro, Kentucky (Id.). Kenneth Boaz, an impartial vocational expert, also testified during the hearing (Id.).

In a decision dated June 20, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-22). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of August 23, 2013, through the date Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2015 (Tr. 17). At the second step, the ALJ determined Plaintiff's spine disorder and bilateral knee disorder are severe impairments (Id.). The ALJ also determined that Plaintiff's irritable bowel syndrome, high cholesterol, acid reflex, and rheumatoid arthritis are nonsevere impairments (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 18). The ALJ indicated that she had

consulted appropriate listings in this case, including listings 1.02 and 1.04, but concluded the medical evidence of record failed to conclusively demonstrate a listing level of severity with respect to any listed impairment on a sustained basis (Id.).

At the fourth step, the ALJ found from August 23, 2013 through December 31, 2015 Plaintiff had the residual functional capacity (RFC) to perform a range of light work (Tr. 18). Specifically, the ALJ determined that Plaintiff could lift and carry up to 20 pounds occasionally and 10 pounds frequently; he could push and pull only frequently with the lower extremities bilaterally; he could sit, stand, and walk each for 30 minutes at a time for a total of six hours in an eight-hour workday, and change positions without leaving the workstation or being off task; he could never climb ladders, ropes, or scaffolds; he could frequently climb ramps and stairs; he could occasionally stoop, kneel, crouch, and crawl; and he should avoid concentrated exposure to unprotected heights, dangerous machinery, and vibrations (Id.). Relying on testimony from the vocational expert, the ALJ found through the date last insured, Plaintiff was unable to perform any past relevant work (Tr. 20).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 20-21). The ALJ found through the date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed (Id.). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from the alleged onset date of August 23, 2013, through the date last insured of December 31, 2015 (Tr. 21).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 150-53). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

>   5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

As mentioned above, in Finding No. 5 the ALJ determined through the date last insured Plaintiff had the RFC to perform a range of light work due to certain physical, postural, and environmental limitations (Tr. 18, Finding No. 5). Plaintiff argues Finding No. 5 is not supported by substantial evidence in the record (DN 14 PageID # 722, 724-28). Defendant disagrees (DN 15 PageID # 731-36).

The RFC is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529.

Plaintiff's challenge to the RFC arises out of the ALJ's assignment of little weight to the limitations expressed by two treating medical sources (DN 14 PageID # 722, 724-28). Specifically, Plaintiff is referring to the Medical Source Statement forms filled out by Nurse Practitioner Susan Rice[2] on April 11, 2016 and Dr. Mutschler on August 22, 2016 that limited him to less than sedentary work (Id. citing Tr. 579-585, 586-591, Exhibits 9F and 8F). Plaintiff

---

2 Susan Rice is an APRN employed by Dr. Mutschler (DN 14 PageID # 727).

6

asserts the ALJ's assignment of weight was improper because she overlooked or misconstrued evidence in the record substantiating the limitations (Id.). For example, medical records show his right knee pain resulted in an arthroscopy and medial meniscectomy on August 25, 2014 and that was followed by a knee replacement on February 5, 2015 (Id. citing Tr. 289-317, 318-25). Further, the ALJ's finding that Plaintiff did not routinely require urgent treatment for unbearable levels of pain is rebutted by his trips to emergency rooms on October 1 and 2, 2015 complaining of back pain and the October 2nd MRI of his lumbar spine showing a disc bulge at L2-L3 (Id. citing Tr. 327-29, 512-18). Additionally, treatment records prepared by Nurse Rice show pain and decreased range of motion in Plaintiff's right knee and spine on May 1, May 28, and August 29, 2015 as well as May 12 and June 28, 2016 (Id. citing Tr. 559-61, 565-66, 569-70, 629-31, 625-26). Also, Plaintiff cites a March 29, 2017 MRI that revealed multilevel degenerative disc disease, arthropathy with narrowing of the cervical spine, and nerve impingement (Id. citing Tr. 650-51).

Defendant asserts that the ALJ adequately explained why the opinions of Dr. Mutschler and Ms. Rice were not entitled to controlling weight and were assigned only little weight (DN 15 PageID # 731-36). Defendant indicates the ALJ reasonably found the extreme limitations in both opinions were representative of Plaintiff's subjective assertions as opposed to being supported by or consistent with the overall medical findings (Id.). Defendant also points out that the ALJ recognized that on the same date that Dr. Mutschler expressed his opinion with the extreme limitations he also indicated in a treatment note that Plaintiff's physical exam was "satisfactory" (Id. citing Tr. 20, 621). Defendant asserts the ALJ considered the treatment records cited by Plaintiff and concluded Plaintiff had severe impairments of a spine disorder and bilateral knee

7

disorder with resulting symptomology (Id. Citing Tr. 17-20). Further, Defendant points out the issue is not whether any evidence supports Plaintiff's position, but rather whether there was substantial evidence to support the ALJs factual findings and conclusions (Id. citing Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004)). Additionally, Defendant points out that many of the records cited by Plaintiff are not relevant because they address his condition after December 31, 2015, his date last insured (Id.).

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).

The relevant time frame is the period running from the alleged onset date of August 23, 2013 through December 31, 2015, the date Plaintiff was last insured. At the second step, the ALJ found Plaintiff's spine disorder and bilateral knee disorder were severe impairments (Tr. 17, Finding No. 3). At the fourth step, the ALJ acknowledged Plaintiff's assertion he was incapable of even sedentary work because of his spine and knee problems (Tr. 18). But the ALJ concluded "such an extreme level of limitation is not reasonably substantiated by the overall objective findings and treatment narrative" (Tr. 18-19). The ALJ then explained her conclusion by accurately summarizing the medical evidence addressing these two conditions (Tr. 19-20).

Contrary to Plaintiff's suggestion, the ALJ discussed the right knee meniscectomy operations on February 13, 2013 and August 25, 2014 as well as the partial right knee arthroplasty operation on February 5, 2015 (Tr. 19). Additionally, in the sentence that immediately follows that discussion, the ALJ commented "[y]et, despite these surgeries, the claimant did not routinely require urgent treatment for unbearable levels of pain" (Id.). The ALJ's remark refers to pain Plaintiff experienced in his right knee. Thus, Plaintiff's reliance on the October 1 and 2, 2015 emergency room medical records is misguided as they concern back pain arising from a "[s]train of muscle, fascia and tendon of lower back" (Tr. 327-29, 512-18). Further, Plaintiff's visits to emergency rooms on October 1st and 2nd do not satisfy the definition of routinely.

The ALJ observed that the diagnostic findings regarding Plaintiff's alleged back pain had not been very remarkable. For example, the ALJ discussed the October 2015 MRI of Plaintiff's lumbar spine, accurately noting it "revealed no disc herniation or significant stenosis. . . [t]here was just mild disc bulging and mild disc desiccation" (Tr. 19, 518). The ALJ noted the types of medication prescribed to address Plaintiff's complaints of pain (Tr. 19). The ALJ also observed

that more than a year after Plaintiff's insured status expired a treating source indicated Plaintiff was not a candidate for lumbar surgery and continued to be disinterested in medial branch blocks (Id.). In sum, substantial evidence in the record supports the ALJ's findings regarding Plaintiff's knee and back problems.

The ALJ considered those findings in assessing the opinions of Dr. Mutschler and Ms. Rice that restricted Plaintiff to less than even sedentary work (Tr. 20, 579-85, 586-91). From her discussion, it is apparent the ALJ did not assign controlling weight to these opinions because they are not well supported by medically acceptable clinical or diagnostic techniques and are inconsistent with other substantial evidence in the record (Tr. 20). The ALJ also weighed the opinions based on the factors in 20 C.F.R. § 1527(c)(2)-(6) (Id.). For example, she concluded the opinions were inconsistent with the overall objective medical findings (Id.). Further, the ALJ pointed out that Dr. Mutschler's opinion was inconsistent with his own treatment note prepared on the same day that indicated Plaintiff's "physical exam is satisfactory" (Tr. 20, 621). Finally, the ALJ appropriately noted that the regulations do not consider Ms. Rice an acceptable source to give a medical opinion (Tr. 20). Notwithstanding, the ALJ made clear that she assigned little weight to the opinions of Ms. Rice and Dr. Mutschler (Id.).

In sum, the undersigned concludes the ALJ's assignment of weight to the opinions of Dr. Mutschler and Ms. Rice is supported by substantial evidence in the record and comports with applicable law. Additionally, the ALJ's RFC set forth in Finding No. 5 is supported by substantial evidence in the record and comports with applicable law.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

August 29, 2019

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Counsel